IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY J. BRODZKI, | ) | CASE NO. 8:11CV400 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Anthony J. Brodzki ("Brodzki" or "Plaintiff") filed his Complaint in this matter on November 28, 2011. (Filing No. 1.) Thereafter, the court gave Brodzki leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Brodzki, a resident of Texas, filed his complaint against the State of Nebraska. (Filing No. 1 at CM/ECF p. 1.) The following is taken from Brodzki's Complaint:

> State patrol in Nebraska 2008. Tells me, we are harassing you. You are not welcome in our state. I speak to trooper Jim Doe, in august of 2008 at the trooper barn off route 80. He tells me that we are using disorientation equipment on you. It is part of police procedure to get you signed in. She says that the reason you seem to have peculiar happenings is the equipment we are using is to coerce and entrap you. 5th and 14th amendment violations, your honor. 1st and 4th too. I get run out of Nebraska privileges; I am assaulted by the police with disorientation equipment, your honor? Where is my due process? You honor I have never even lived in your state and this tells me that your state patrol director is involved in allowing his staff to violate my civil rights and engage in criminal behavior. You have to ask the Nebraska state patrol what they are talking about your honor.

(*Id.* at CM/ECF p. 2.) Brodzki seeks $5,000,000.00 in damages from the State of Nebraska, and an injunction stopping "all mind and body harassment." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

Defendant seeks $5,000,000.00 in damages from the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive

monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Further, to the extent Brodzki asks for an injunction stopping "all mind and body harassment," such a broad and vague request is not within the court's power to grant. In addition, even under the most liberal construction, Brodzki's Complaint is nonsensical. For these reasons, Brodzki's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e), as he both fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

IT IS THEREFORE ORDERED THAT: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.